IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

TERRY MINTER,

        Plaintiff,

v.        Case No. CIV-02-132-KEW

PRIME EQUIPMENT CO.,
a Texas corporation,

        Defendant.

## OPINION AND ORDER

This matter comes before the Court on Non-Party National Union Fire Insurance Company's Application for Leave to Enter a Special Appearance for the Limited Purpose of Requesting Special Interrogatories filed August 2, 2007 (Docket Entry #153). Both Plaintiff and Defendant have responded to the Motion and oppose its requested relief.

As it did in the prior trial of Plaintiff's failure to warn claim, non-party National Union Fire Insurance Company ("National") seeks leave to intervene in this action pursuant to Fed. R. Civ. P. 24 for the purpose of proposing special interrogatories to the jury in the trial of Plaintiff's products liability claim. National is an excess insurance carrier for Defendant. It contends it is required under Oklahoma law to seek intervention to ascertain the basis for any punitive damage award through special interrogatories to the jury.

Oklahoma law does permit insurance coverage for a punitive damage award when the liability arises from vicarious liability but

not as a matter of public policy in any other instance. Dayton Hudson Corp. v. American Mutual Liability Ins. Co., 621 P.2d 1155, 1156 (Okla. 1980). National bases its obligation to seek special interrogatories to determine the jury's basis for any punitive damage award upon the cases of Magnum Foods, Inc. v. Continental Casualty Co., 36 F.3d 1491 (10th Cir. 1994) and Gay & Taylor, Inc. v. St. Paul Fire & Marine Ins. Co., 550 F.Supp. 710 (W.D. Okla. 1981). It was previously established through the questioning of counsel at a hearing prior to the first trial that Defendant has undertaken and is directing its defense in this action, not National. Both Magnum and Gay impose an obligation upon the insurer to propose special interrogatories to determine if insurance coverage is permitted when the insurer has undertaken the defense of a suit against its insured. Magnum, 36 F.3d at 1498; Gay, 550 F.Supp. at 716. Given National's stated position, it is not obligated to seek intervention in this case. National is not without recourse in the event of a punitive damage award. Should a question of coverage exist post-trial, National may seek appropriate declaratory relief in a separate action.

IT IS THEREFORE ORDERED that Non-Party National Union Fire Insurance Company's Application for Leave to Enter a Special Appearance for the Limited Purpose of Requesting Special Interrogatories filed August 2, 2007 (Docket Entry #153) is hereby **DENIED**.

IT IS SO ORDERED this 5th day of September, 2007.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE